IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHALPIN REALTY SC, LLC, | ) | Civil Action No: 4:22-cv-02651-JD |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JERSAM REALTY, INC.'S** |
| vs. | ) | **MEMORANDUM IN RESPONSE TO** |
| | ) | **CHALPIN REALTY SC, LLC'S RULE** |
| JERSAM REALTY, INC., | ) | **60(a) MOTION TO AMEND** |
| | ) | |
| Defendant. | ) | |

Jersam Realty, Inc. ("Jersam" or "Purchaser") submits this memorandum in opposition to the Fed. R. Civ. P 60(a) motion to amend[1] (ECF 36) filed by Chalpin Realty SC, LLC ("Chalpin" or "Seller"). As an initial matter procedural matter, Plaintiff's motion to amend is not proper under Rule 60(a) and does not contain arguments on the merits or a memorandum in support as required by Local Civ. Rule 7.04 (D.S.C.). In addition, Chalpin in not entitled to recover prejudgment interest under the parties' Contract and the undisputed facts of this case.

**I. Plaintiff's request for prejudgment interest is not a proper Rule 60(a) motion because it reaches the merits and does not merely correct a clerical error or oversight by the Court.**

Rule 60(a) provides, in pertinent part, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." To determine whether a matter falls within Rule 60(a), "[t]he relevant test is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is

---

[1] Jersam also filed a motion to alter or amend (ECF 40), which is currently pending before the Court. Jersam files this response in the event the Court does not grant Jersam's motion to alter or amend. Plaintiff's Motion to Amend (ECF 36) seeks an amended order awarding prejudgment interest and attorneys' fees. This Response addresses Plaintiff's request for prejudgment interest. Plaintiff also filed a Petition for Attorney's Fees and Costs (ECF 35), and Purchaser filed a Response to the fee petition (ECF 43), which separately addresses Plaintiff's request for attorney's fees and costs and is incorporated here by reference.

instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013). The Fourth Circuit has applied the Rule 60(a) test in the context of a request for prejudgment interest. "[I]f the district court's original judgment order did not mention an award of prejudgment [] interest," a motion for prejudgment interest "is not a proper Rule 60(a) motion because it reaches the merits and does not merely correct a clerical error or oversight by the Court." *Pac. Capro Indus. v. Glob. Advantage Distribution Warehouse, LLC*, No. 4:08-CV-4155-RBH, 2011 WL 13318610, at *2 (D.S.C. Apr. 1, 2011) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989) and *Kosnoski v. Howley*, 33 F.3d 376 (4th Cir. 1994)). Here, the Court's Order (ECF 31) says nothing about prejudgment interest.[2] Instead, the Order cites to the undisputed fact that Plaintiff agreed that its "sole and exclusive remedy" shall be to retain Purchaser's down payment (ECF 31 at 4, n. 3), and, under the Contract, Plaintiff "waive[d] its right to pursue any other claims against Purchaser for any such loss, damage and expense which Seller claims may be incurred by reason of such default." (ECF 1-1, § 13.03). Plaintiff's "sole and exclusive remedy" is discussed in more detail below in Section III.

**II. Plaintiff's request for prejudgment interest should be denied even if its Motion is considered as a motion to alter or amend under Fed. R. Civ. P. 59(e) because Plaintiff's Motion contains no arguments and was not accompanied by a supporting memorandum.**

The Local Civil Rules for the United States District Court for the District of South Carolina provide that:

> "All motions made other than in a hearing or trial or to compel discovery *shall be timely filed with an accompanying supporting memorandum that shall be filed and made part of the public record* . . . a supporting memorandum is not required where if a full explanation of the Motion as set forth in Local Civ. Rule 7.05 (D.S.C) is contained within the motion.

---

[2] Plaintiff's Motion to Amend (ECF 36) and its prior Motion for Summary Judgment (ECF 16) contain no analysis or arguments concerning prejudgment interest. In fact, prejudgment interest was not mentioned at the summary judgement hearing, and the word does not appear in Plaintiff's prior Motion for Summary Judgment (ECF 16) or associated memoranda (ECF 18, 20, and 23).

Local Civ. Rule 7.04 (D.S.C.) (emphasis added). If the Court considers Plaintiff's Motion under Rule 59(e), the contents of the Motion are insufficient as it contained only the following two sentences:

> Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Plaintiff Chalpin Realty SC, LLC, though undersigned counsel, moves this Court to amend the judgment entered on September 26, 2023 to include the relief requested in Plaintiff's Motion for Summary Judgment, which was granted in Plaintiff's favor by the Honorable Joseph Dawson, III on September 26, 2023. The correspondence of Plaintiff's counsel, Bryan Kishner, is attached as Exhibit A in further support of this motion.

(ECF 36). The letter attached to Plaintiff's Motion requests that the Court issue an amended judgment "clarifying the relief in the Court's Order"; however, it contains no arguments on the merits and merely discusses attempts to get Purchaser to consent to the relief requested. (ECF 36-1).

Plaintiff's boilerplate, two-sentence Motion, without an accompanying memorandum, contains no analysis or arguments concerning the three recognized grounds for relief under Rule 59(e) and none of its prior summary judgment briefing or arguments even mentioned pre-judgment interest. This alone is grounds for denial of Plaintiff's Motion.

> As an initial procedural matter, . . . Third-Party Defendants did not file any supporting brief to their Motion elaborating on the merits of its argument. *See* Local Civ. Rule 7.04. **Under this ground alone, the court should deny the motion.**

*Reg'l Med. Ctr. of Orangeburg v. Salem Servs. Grp., LLC*, No. 5:19-CV-00287-JMC, 2020 WL 1956515, at *2 (D.S.C. Apr. 23, 2020) (emphasis added), *reconsideration denied*, No. 5:19-CV-00287-JMC, 2020 WL 2850600 (D.S.C. June 2, 2020); *see also, Crowner v. Sofarelli*, No. 3:18-CV-02656-JMC, 2020 WL 1808571, at *2 (D.S.C. Apr. 9, 2020) (denying motion because the party "fail[ed] to provide a Memorandum in Support of his motion to elaborate on the merits of this argument" as required under Local Civ. Rule 7.04); *Williams v. Clement*, No. 0:18-CV-00437-JMC, 2019 WL 1146682, at *6 (D.S.C. Mar. 13, 2019) ("A party's failure to comply with the Local Civil Rules is sufficient to deny his or her motion."); *Masters v. Lin*, No. CV 6:14-2473-TMC, 2015 WL 12830505, at *6 (D.S.C. Jan. 23, 2015) ("Under these rules, a party cannot file a motion without

3

supporting memorandum."). As such, if Plaintiff's Motion is treated as a Rule 59(e) Motion, it should be denied as it fails to comply with the Local Rules and contains no arguments as to the merits.

### III. Plaintiff is not entitled to prejudgment interest under the express terms of the Contract because its "sole and exclusive remedy" is a return of the down payment.

As recognized in this Court's Order, Plaintiff agreed that its "sole and exclusive remedy" was to retain Purchaser's down payment (ECF 31, p. 4, FN 3), and, under the Contract, Plaintiff "waive[d] its right to pursue any other claims against Purchaser for any such loss, damage and expense which Seller claims may be incurred by reason of such default." (ECF 1-1, § 13.03). Specifically, Section 13.03 of the Contract, entitled "Purchaser Default," provides:

> Purchaser Default. Notwithstanding anything to the contrary contained herein, if Purchaser shall default in the performance of its obligations under this Contract and such default is not cured within five (5) days of Purchaser's receipt of written notice from Seller demanding same, then **the sole and exclusive remedy of Seller shall be to terminate this Contract and retain the then Downpayment as liquidated damages for all loss, damage and expense suffered by Seller, including without limitation the loss if its bargain and Seller hereby waives its right to pursue any other claim against Purchaser for any such loss, damage and expense which Seller claims may be incurred by reason of such default**, subject, however, to Seller's rights under §14[3] hereof and all other obligations of Purchaser which survive a termination of this Contract as expressly provided in this Contract. Notwithstanding anything to the contrary, the liquidated damage provided for in this §13.03 are in addition to, and nothing in this §13.03 shall in any way limit, Purchaser's obligations in under and pursuant to the provisions of §14 hereof and all other obligations of Purchaser which survive a termination of this Contract. SELLER AND PURCHASER AGREE THAT IT WOULD BE IMPRACTICAL AND EXTREMELY DIFFICULT TO ESTIMATE THE DAMAGES WHICH SELLER MAY SUFFER UPON A PURCHASER DEFAULT AND THAT THE PAYMENT OF THE ENTIRE DOWNPAYMENT TO SELLER UPON A PURCHASER DEFAULT CONSTITUTES A FAIR AND REASONABLE ESTIMATE OF THE TOTAL NET DETRIMENT THAT SELLER WOULD SUFFER BY REASON OF A PURCHASER DEFAULT, AND PURCHASER AGREES N[OT] TO CHALLENGE THE FAIRNESS OF THE AMOUNT OF LIQUIDATED DAMAGES.

*Id.* (emphasis added).

---

[3] Section 14 of the Contract concerns the Broker of the transaction. (ECF 1-1, §14).

In contrast to the "sole and exclusive remedy" and waiver of Seller contained in Section 13.03, Section 13.04 of the Contract, entitled "Seller Default," expressly recognizes that Purchaser is entitled to a return of the down payment "plus the interest thereon" in the event of a Seller default. (*Id.* at § 13.04). Specifically, Section 13.04 provides:

> Seller Default. Notwithstanding anything to the contrary contained herein, if Seller shall default in the performance of Seller's obligations under this Contract . . . Purchaser's **sole and exclusive remedy** shall be, and Purchaser shall be entitled, to either (a) terminate this Contract and receive (i) **a return of the then Downpayment** (but only to the extent that the Downpayment has actually be paid by Purchaser to Escrowee, **plus the interest thereon**), and (ii) reimbursement for Purchaser's Actual Costs Incurred subsequent to May 1, 2022, and the Seller shall be released from any further liability to Purchaser hereunder, except for those obligations and liabilities that are expressly stated to survive termination of this Contract . . . As used herein, "Actual Costs Incurred" shall mean all actual out of pocket costs of due diligence and all expenses actually incurred or obligated for by Purchaser in an effort to consummate the transaction contemplated herein, to include, without limitation, appraisal costs, survey costs, costs of inspections and reports, title examination, and reasonable legal fees up to a maximum amount of $20,000."

*Id.* (emphasis added).

Accordingly, based on the clear language of the Contract, Seller's "sole and exclusive remedy" under the Contract is a return of the down payment, and Plaintiff agreed to "waive[] its right to pursue any other claim against Purchaser for any such loss, damage and expense which Seller claims may be incurred by reason of such default." (*Id.* at § 13.03). In contrast, the Contract expressly recognizes that Purchaser would be entitled to interest on the down payment in the event of a Seller default. (*Id.* at § 13.04).

"[W]hen the parties agree upon the remedy which one of them is to have in case of a breach of the contract by the other, that remedy is exclusive." *Hickman v. Sawyer*, 216 F. 281, 283 (4th Cir. 1914); *see also, Richman Enterprises, Ltd. v. Pamplin*, No. CA-93-3356, 1996 WL 119940 at *7 (4th Cir. Mar. 19, 1996) ("FRI cannot now look to the courts to provide an extra-contractual remedy for which it did not bargain."). "[T]he parties to a contract may set forth limitations on the remedies available to enforce the contract." *Poly-Med, Inc. v. Novus Sci. Pte. Ltd.*, 437 S.C. 343, 354, 878

5

S.E.2d 896, 902 (2022). "[T]he parties are free to bargain away the right they would otherwise have to damages caused by a breach," and "may agree that the liquidated damages specified in the contract are the sole remedy for breach." *Beverly v. Grand Strand Reg'l Med. Ctr., LLC*, 435 S.C. 594, 602, 869 S.E.2d 812, 817 (2022). "Contract law permits the parties to negotiate the allocation of risk." *2000 Watermark Ass'n, Inc. v. Celotex Corp.*, 784 F.2d 1183, 1185 (4th Cir. 1986).

"State law governs the award of prejudgment interest in a diversity case." *Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020). Under South Carolina law, "[i]t is well settled that the parties are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation." *Turner Coleman, Inc. v. Ohio Const. & Eng'g, Inc.*, 272 S.C. 289, 292, 251 S.E.2d 738, 740 (1979). South Carolina's prejudgment interest statute provides, in relevant part, "[i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum." S.C. Code Ann. § 34–31–20(A).[4] "Despite the mandatory sense of the statutory language, the statute does not automatically apply in every case and it is well settled that the parties are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation." *In re Genesis Press, Inc.*, 559 B.R. 445, 453–54 (Bankr. D.S.C. 2016); *see also Sears v. Fowler*, 293 S.C. 43, 45, 358 S.E.2d 574, 575 (1987) ("Despite the mandatory tenor of the statutory language, the statute does not automatically apply in every case.").

Courts have recognized that when a party agrees to return of a down payment as its "sole and exclusive remedy," the party is not entitled to recover prejudgment interest. *See e.g. Lespinasse v.*

---

[4] *Sterling Nat'l Bank v. Block*, 984 F.3d 1210, 1225 (7th Cir. 2021) (finding that an agreement's "sole and exclusive remedy" language prevented the recovery of prejudgment interest on an escrow payment and finding that the Illinois prejudgment interest statute, which, like South Carolina's statute, required the money to be "due," was not applicable because the funds were not "due" while noting "[n]othing in the Agreement suggests that holding funds in escrow because of an ongoing dispute would breach the Agreement. That's the point of the escrow fund.").

*Fed. Nat. Mortg. Ass'n*, No. 216TSN/2003, 2003 WL 21448828, at *4 (N.Y. Civ. Ct. May 22, 2003) ("Plaintiff seeks the return of his $10,000 deposit, including prejudgment interest, as well as the full benefit of the bargained for contract as if it had been performed. However, the language of the parties' agreement in this regard is unequivocal. It states that plaintiff's *'sole and exclusive remedy'* in case of defendant's default is a return of his deposit. It does not provide for or even mention interest. Therefore, plaintiff's damages shall be $10,000, and *prejudgment interest is not awarded here.*") (emphasis added)); *see also Sommer v. Gen. Bronze Corp.*, 28 A.D.2d 981, 981, 283 N.Y.S.2d 657 (1967), *aff'd,* 21 N.Y.2d 775, 235 N.E.2d 446 (1968) ("[t]he parties, by their written contract of sale, had agreed that the amount of the down payment . . . should represent the limit of the liability of the plaintiff purchaser for damages for default in performance of the contract" and "said defendant is limited to such recovery and is not entitled [to] interest on the amount of the down payment."); *J. D'Addario & Co. v. Embassy Indus., Inc.*, 20 N.Y.3d 113, 116, 980 N.E.2d 940 (2012) (in an action to recover a down payment made in connection with a commercial real estate contract, the Court denied an award of prejudgment interest and held that where, as here, the parties' contract language

specifies that the non-breaching party's "sole remedy" is liquidated damages, the "terms of the contract are controlling" and the party is "not entitled to statutory interest").[5]

Here, under the express language of the Contract, Seller's "sole and exclusive remedy" under the Contract is a return of the down payment, and Plaintiff agreed to "waive[] its right to pursue any other claim against Purchaser for any such loss, damage and expense which Seller claims may be incurred by reason of such default." (ECF 1-1, § 13.03). In contrast, the Contract expressly recognizes that Purchaser would be entitled to interest on the down payment in the event of a Seller default. (*Id.* at § 13.04). Accordingly, Plaintiff is not entitled to recover prejudgment interest.[6]

---

[5] Although in *J. D'Addario* the Court noted that the parties' contract required the down payment be placed in an interest-bearing account, that was not dispositive of the issue in light of the "sole remedy" language. As the Court of Appeals noted, "[a]t issue in this appeal is whether the parties' contract language specifying that the seller's 'sole remedy' was liquidated damages and the seller had 'no further rights' against the defaulting purchaser, trumps language in CPLR § 5001(a) directing that statutory interest be awarded in a contract dispute." 20 N.Y.3d at 115-16, 980 N.E.2d at 941. While the Court noted "[a] contract clause providing that no statutory interest would accrue during an escrow dispute would have prevented this litigation altogether" the Court found that *"the language that was used, that the down payment on the property was to be the 'sole remedy' for a breach by the purchaser and that the seller had 'no further rights' against purchaser, is sufficiently clear in the end to reach the same result*. The contract language will always control, as it should in this case." 20 N.Y.3d at 119, 980 N.E.2d at 944 (emphasis added); *see also Katzman v. Helen of Troy Texas Corp.*, No. 12 CIV. 4220 PAE, 2013 WL 1496952, at *6 (S.D.N.Y. Apr. 11, 2013) (while noting that statutory "prejudgment interest is generally mandatory" in New York, *J. D'Addario* adopt[ed] a clear-statement rule governing waivers of a party's right [] to statutory prejudgment interest . . . [u]nder *J. D'Addario,* parties may contract around that right"). The law is the same in South Carolina. *In re Genesis*, 559 B.R. at 453–54 ("Despite the mandatory sense of the statutory language, the statute does not automatically apply in every case and it is well settled that the parties are at liberty to contract, within legal limits, relative to the interest to be paid on an obligation.").

[6] Prejudgment interest has also been denied in cases where the return of the deposit was not explicitly made pursuant to a "sole remedy" clause. *Griswold Special Care of New York, Inc. v. Exec. Nurses Home Care, Inc.*, 66 A.D.3d 962, 962, 887 N.Y.S.2d 672, 673 (N.Y. App. Div. 2d Dep't 2009) (reversing award of statutory prejudgment interest in action to recover escrow deposit); *Breuer v. Feder*, 27 A.D.3d 509, 813 N.Y.S.2d 148, 149 (N.Y. App. Div. 2d Dep't 2006) ("The plaintiff was not entitled to prejudgment statutory interest on his deposit, but only interest actually earned while held in escrow and thereafter deposited with the Orange County Commissioner of Finance").

**IV. Even if the Contract did not waive Plaintiff's claims to interest, South Carolina's prejudgment interest statute does not apply because the down payment was not "due."**

South Carolina's prejudgment interest statute provides, in relevant part, "[i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, **being due,** shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum." S.C. Code Ann. § 34–31–20(A) (emphasis added). "A judgment debtor is required to pay interest on his debt as compensation for his continued retention and use of the creditor's money **beyond the date payment was due**." *Miller Constr. Co., LLC v. PC Constr. of Greenwood, Inc.*, 418 S.C. 186, 207, 791 S.E.2d 321, 333 (Ct. App. 2016) (emphasis added).

Under the Contract, the Escrowee was to hold the down payment in a "non-interest bearing IOLTA escrow account." [7] (ECF 1-1, § 2.03). If a written objection was received, "Escrowee shall continue to hold such amount until otherwise directed by written instructions from the parties to this contract or a final and non-appealable judgment of the court." (*Id.*). It is undisputed that Plaintiff "objected to a release of the down payment and demanded that it be held in escrow 'pending a final nonappealable Order of a Court.'" (ECF 31 at 5; *see also* ECF 18-18 at 3). In other words, Purchaser complied with the language of the Contract (ECF 1-1, § 2.03) and Plaintiff's request (ECF 18-18) by having Escrowee hold the down payment, and the down payment will not be "due" to Plaintiff unless and until the Court issues a "final judgment." "Nothing in the Agreement suggests that holding funds in escrow because of an ongoing dispute would breach the Agreement." *Sterling,* 984 F.3d at 1225; *see also,* ECF 1-1, § 2.03 ("If Escrowee does receive [a] written objection . . . Escrowee shall continue

---

[7] When an agreement directs that the escrowed funds are to be held in a non-interest bearing account, Courts have prevented the recovery of prejudgment interest absent express language in the agreement allowing for interest. *See e.g., Maddox v. All One Enterprises*, 30 A.D.3d 478, 479, 820 N.Y.S.2d 277, 279 (N.Y. App. Div. 2d Dep't 2006) ("We note that the plaintiff is not entitled to interest on the escrow money because the agreement did not require that the escrow funds be held in an interest-bearing account"); *Ross v. Friedman*, 269 A.D.2d 584, 585, 707 N.Y.S.2d 114, 115 (N.Y. App. Div. 2d Dep't 2000) ("inasmuch as the "Possession Rider" did not provide that the escrow money be held in an interest-bearing account, the defendant [] is not entitled to interest on the award.")

9

to hold such amount until otherwise directed by written instructions from the parties to this contract or a final and non-appealable judgment of the court."). "That's the point of the escrow fund." *Sterling,* 984 F.3d at 1225. In *Sterling*, the Seventh Circuit held that, "[e]ven if the Agreement did not waive claims to pre-judgment interest, it is not clear that the Illinois Interest Act would apply . . . [t]he Act allows for pre-judgment interest for "money due," and the "[m]oney was not due" because the agreement in that case, like the Contract here (ECF 1-1, § 2.03), expressly called for the funds not to be released in the event claims were asserted by the buyer against the seller. *Id.* In light of Plaintiff's objection to a release of the down payment and demand that it be held in escrow "pending a final nonappealable Order of a Court," (ECF 31, p. 5; ECF 18-18, p. 3) the funds were not due, and South Carolina's prejudgment interest statute does not apply.

## CONCLUSION

In the event the Court does not grant Purchaser's motion to alter or amend, Purchaser respectfully requests that the Court deny Plaintiff's Motion to Amend for the reasons set forth herein and in Purchaser's Response to the attorney's fee petition.

Respectfully Submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

*s/Stafford J. McQuillin III*
Stafford J. McQuillin III (Fed ID #10715)
mmcquillin@hsblawfirm.com

**AND**

**PARKER NELSON & ASSOCIATES**

Theodore Parker III (Fed ID #12224)
Tparker@pnalaw.net

*Attorneys for Jersam Realty, Inc.*