# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| CHALPIN REALTY SC, LLC, | ) | Civil Action No: 4:22-cv-02651-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JERSAM REALTY, INC.'S REPLY IN** |
| vs. | ) | **FURTHER SUPPORT OF MOTION** |
| | ) | **TO ALTER OR AMEND AND** |
| JERSAM REALTY, INC., | ) | **INCORPORATED MEMORANDUM** |
| | ) | **IN SUPPORT** |
| Defendant. | ) | |

Counterclaimant/Defendant, Jersam Realty, Inc. ("Jersam" or "Buyer") submits this brief reply in further support of its motion to alter or amend (DE 40). Jersam's motion is tailored to the Court's Order (DE 31), and is not merely a rehashing of old arguments. Jersam's motion falls fairly within the Court's discretion. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

The Court ruled on a basis that differed from the arguments submitted by the parties and included factual and legal errors, and accordingly, the motion to alter or amend was the first chance Jersam had to address those issues. This is a classic scenario giving rise to grounds for relief under Fed. R. Civ. P. 52(b) and 59(e). *See TBG, Inc. v. Bendis*, 845 F. Supp. 1459, 1460 (D. Kan. 1994) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). In *TBG*, the district court reconsidered an earlier order denying a motion for summary judgment in a breach of contract case as to two of the defendants based on the moving parties' arguments that the court had misconstrued applicable law in reaching its original decision. *Id.* Jersam contends the same result would be appropriate here to correct a clear error of law and to prevent manifest injustice.

Here, the Court erred in concluding that there had been no breach of Tenant Arcade's lease. As reflected in Chalpin's pleadings, the existence of a breach was not a disputed point. (DE 1 at ¶ 56, asserting "Section 4.02 does not provide the Defendant with a contractual right of cancellation because a tenant did not pay rent or abandoned the premises."; DE 12 at ¶ 158, asserting in an affirmative defense to Defendant's Counterclaims that, "Defendant assumed the risk that Tenant Arcade may cease operations.").

In addition, the existence of the breach is fully borne out by the summary judgment record. (DE 18-13 and 7-1 (emails from Chalpin's counsel acknowledging that "my client can no longer restate the representations of Section 4.02 as it pertains to the Arcade as they have failed to pay June, 2022 Rent or Additional Rent and now appear to be abandoning/surrendering the premises" and email from Chalpin's property manager that Tenant Arcade's "moving crew arrived last night," and that Tenant Arcade was "moving everything out" for "truck pickup"); DE 21-1 (Chalpin's attempts to modify the representations and warranties to state, "Seller hereby affirms that such Seller's representations and warranties as set forth in the Contract of Sale and Agreement remain true and correct in all material respects on the date hereof **except that Epic Arcades SC LLC has not paid Rent or Additional Rent for June, 2022 and, upon information and belief, is surrendering and abandoning the Premises as of June 14, 2022**) (emphasis added))); DE 7-2 (Buyer's request that Chalpin "let us know as soon as possible if Seller will be able to effect a cure of the Tenant Breach and proceed towards Closing," which was not responded to by Chalpin because it was undisputed that Chalpin was unable to effect a cure of Tenant Arcade's breach as Tenant Arcade did not resume operations at the premises prior to the closing)).[1] As a result, the fact of the breach was not a central focus of either party at the summary judgment stage—there was "no genuine dispute as to [this] material fact" for purposes of

---

[1] Chalpin Realty SC, LLC ("Chalpin") points to the testimony establishing the breach in its memorandum in opposition (DE 48 at 16 of 21).

2

Fed.R.Civ.P 56(a), the parties agreed. The Court's factual error as to the existence of a breach was exacerbated by the clear legal error in its construction of the parties' contract based on reasoning that had not been presented by either party. As such, Jersam's arguments are not a second bite at the apple, but are instead a narrowly drafted response to the Court's specific rulings.

For these reasons and those presented in its motion, Jersam asks that the Court review the record, the evidence of breaches of the Tenant Arcade's lease, and the parties' entire agreement and issue an order addressing the issues raised by Jersam. The failure to do so would result in a manifest injustice resulting in a windfall to Chalpin and depriving Jersam of the benefit of its bargain.

Respectfully Submitted,

**HAYNSWORTH SINKLER BOYD, P.A.**

*s/Stafford J. McQuillin III*
Stafford J. McQuillin III (Fed ID #10715)
mmcquillin@hsblawfirm.com

**AND**

**PARKER NELSON & ASSOCIATES**

Theodore Parker III (Fed ID #12224)
Tparker@pnalaw.net

*Attorneys for Jersam Realty, Inc.*

December 11, 2022