IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Chalpin Reality SC, LLC, | ) | Case No. 4:22-cv-02651-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Jersam Realty, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are several post-summary judgment motions by Defendant Jersam Realty, Inc. ("Defendant," "Jersam," or "Jersam-Buyer"), and Plaintiff Chalpin Realty SC, LLC's ("Plaintiff," "Chalpin," "Chalpin-Seller"). Chalpin seeks attorneys' fees and costs as the prevailing party under § 13.06 of the Parties' Contract of Sale, dated May 13, 2022 ("Contract"), which is the subject of this litigation, and under Rule 54, Fed. R. Civ. P. (DE 35.) Chalpin also moves to Alter or Amend this Court's Summary Judgment Order dated September 26, 2023 (DE 31) ("Order"), under Fed. R. Civ. P. 60(a) to authorize prejudgment interest from June 23, 2022. (DE 36.)

On the other hand, Jersam moves to Alter or Amend the Order (DE 31) brought under Fed. R. Civ. P. 52(b) and 59(e). (DE 40.) Chalpin also moves for extensions of time to file replies to its pending motions and response to Jersam's pending motion. (DE 46.) The parties have briefed the motions, so the motions are ripe for review and decision.[1] For the reasons below, Jersam's

---

[1] As for Chalpin's unopposed Motion for Extension of Time to file reply papers on Plaintiff's pending motions and responses to Defendant's motion (DE 46), the Court has considered Plaintiff's briefs at DE 47, DE 48, and DE 50, so the motion is moot.

1

motion is denied, and Chalpin's motion for prejudgment interest and attorneys' fees and costs are granted as provided here.

**Defendant Jersam's Motion to Alter or Amend (DE 40)**

Defendant Jersam moves to alter or amend the Order under Rules 59(e) and 52(b), Fed. R. Civ. P., contending the Court committed an error of law in its construction of the contract, and under 52(b), Fed. R. Civ. P, arguing, "(1) the Court's finding that there was no breach of the underlying Lease by Epic Arcades SC, LLC ('Tenant Arcade'), is contrary to [the] language of the underlying Lease and Plaintiff's acknowledgment that Tenant Arcade was in breach of its Lease; and (2) the Court's construction of the Contract fails to give effect and meaning to the language used by the parties in the Contract." (DE 40, p. 1.) Under Rule 59(e), "[a] district court has the discretion to grant a [] motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). The Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted).

Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). "A Rule 52(b) motion to amend findings . . . is not intended to allow parties to relitigate old issues, to advance new theories, or to rehear the merits." *Alcala v. Hernandez*, No. 4:14-CV-04176-RBH, 2015 WL 7312891, at *1 (D.S.C. Nov. 19, 2015) (citation omitted). "Although Rule 52(b) does not provide a specific standard for review of such motions, district courts within this circuit apply the three grounds identified by the Fourth Circuit for Rule 59(e)

2

motions to those brought pursuant to Rule 52(b)." *Barnett v. United States*, No. 2:20-CV-02517-DCN, 2023 WL 7013501, at *2 (D.S.C. Oct. 25, 2023); *see also Stogsdill v. Keck*, No. 3:12-CV-0007-JFA, 2015 WL 3396821, at *1 (D.S.C. May 26, 2015).  Thus, "[a] Rule 52(b) motion is intended to correct manifest errors of law or fact or to present newly discovered evidence." *Alcala*, 2015 WL 7312891, at *1 (citing *United States v. Carolina E. Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D.S.C. 1986)).

Turning to Jersam's arguments, Jersam contends "[i]n its Order, the Court found that 'the record does not support a finding that Tenant Arcade . . . had breached its obligations,' while acknowledging that the record 'shows [Tenant Arcade] was terminating its operations.'"  DE 40, p. 7, quoting DE 31, p. 10.)  Jersam posits that "[i]f Tenant Arcade had not breached its obligations under its Lease, as the Court found, then Seller's representation and warranties contained in Section 4.02(k) of the Contract concerning breaches could have been restated as of the closing date, and this action would not be before the Court." (DE 40, p. 7.)  To begin with, the Court's ruling that "the record does not support a finding that Tenant Arcade's lease was not in full force and effect *or* had breached its obligations[,]" did not resolve the contract dispute.[2]  (DE 31, p. 10) (emphasis added.)  While the Court noted that "the record shows [Tenant Arcade] was terminating its operations[,]" the Court nevertheless found that "the Contract otherwise provides two

---

[2]  Jersam questions this non-dispositive finding, suggesting that it is a manifest error of law or fact, citing Section 6.02 of Tenant Arcade's Lease.  Section 6.02, Tenant's Operating Covenant, provides in part that "Tenant shall occupy the Premises . . . and shall continuously operate its store . . . during the full term of the Lease." (DE 18-8, p. 18.)  A failure to occupy the premises is an event of default under the lease, and the Landlord has a right to terminate the lease, which did not occur.  Article 15.01(vii) states, "[i]f at any time prior to or during the term of any one or more of the following events occurs, each such event shall constitute an 'event of default': (vii) Tenant ceases operation in or vacates or abandons the Premises or otherwise fails to fully perform the obligations contained in Sections 6.01 and 6.02 of this Lease." (*Id.*)  The lease provides "that upon the happening of any one or more . . . events of default, Landlord . . . shall have the right to immediately declare this Lease terminated . . . ." (DE 18-8, pp. 27-28.)  Thus, Jersam has not shown a manifest error of law or fact related to the Court's non-dispositive ruling.

3

provisions regarding occupancy and the status of any leases: Exhibit 10.01(o) Tenant Estoppel (DE 18-8, p. 57-58) and Section 5.01 (DE 1-1, p. 11-13)." To that end, the Court ruled that "because any issue about the status of any leases is 'otherwise provided in the Contract,' Chalpin-Seller does not have to restate Section 4.02(b) or (k) at closing for Tenant Arcade's 'appearance of' abandoning the Property." (DE 31, p. 11.)

Equally, Jersam contends that the "Court's construction of the Contract fails to give effect and meaning to the language used by the parties in the Contract." (DE 40, p. 10.) That said, the arguments raised by Jersam restate the arguments made in its summary judgment motion, its response to Chalpin's motion for summary judgment, and its arguments at the summary judgment hearing. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotations and citation omitted) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") Jersam's arguments do not "correct manifest errors of law or fact or [] present newly discovered evidence." *Alcala*, 2015 WL 7312891, at *1. Therefore, it cannot serve as a basis to grant Defendant's Motion to Amend.

### **Plaintiff Chalpin's Motion to Alter or Amend (DE 36)**

Plaintiff Chalpin moves to amend the Order under Rule 60(a), Fed. R. Civ. P., "to include the relief requested in Plaintiff's Motion for Summary Judgment, which was granted in Plaintiff's favor." (DE 36, p. 1.) "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60. Although in the Order, the Court did not restate the relief sought by Plaintiff Chalpin in its Complaint (DE 1, p. 15) ("plus prejudgment interest") or its Motion for Summary Judgment (DE 16, p. 1) ("plus pre-judgment interest from June 23, 2022"), the Court granted the relief sought in

Plaintiff's motion. (*See* DE 31.) Thus, Plaintiff Chalpin's motion is granted to correct this omission.[3] Accordingly, the Order shall be amended to include:

a. Plaintiff is entitled to the $1,000,000.00 Downpayment currently held in escrow by Escrowee;

b. Defendant's attorney, also serving as Escrowee, Haynsworth Sinkler Boyd, PA., currently holding the Downpayment, be ordered to disburse the Downpayment to Plaintiff;

c. Plaintiff is entitled to post-judgment interest against Defendant beginning as of September 27, 2023, accumulating at an interest rate under applicable federal statute;

d. Plaintiff, as the prevailing party in the Action in accordance with the Contract, is entitled to its reasonable attorneys' fees and actual costs incurred in connection with this Action subject to the Court determining the amount of Plaintiff's attorneys' fees and costs; and

e. Defendant's Answer, counterclaims, and affirmative defenses are all dismissed with prejudice.

---

[3]   Jersam contends, "Plaintiff's motion to amend is not proper under Rule 60(a) and does not contain arguments on the merits or a memorandum in support as required by Local Civ. Rule 7.04 (D.S.C.). In addition, Chalpin [is] not entitled to recover prejudgment interest under the parties' Contract and the undisputed facts of this case." (DE 45.) The Court disagrees. First, as explained in this Order, Rule 60(a) is appropriate. Second, Plaintiff's motion and attached exhibit satisfy Local Civ. Rule 7.04 (D.S.C.). Finally, "the law permits the award of prejudgment interest when a monetary obligation is a sum certain, or is capable of being reduced to certainty, accruing from the time payment may be demanded either by the agreement of the parties or by operation of law."*Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457 (2009) *see also* S.C. Code Ann. § 34–31–20(A) (Supp. 2015) ("In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.").

**Chalpin's Petition for Attorneys' Fees and Costs (DE 35)**

Chalpin moves for costs and attorneys' fees as the prevailing party under § 13.06 of the Contract and Rule 54 Fed. R. Civ. P. (DE 35.) "The recovery of attorney's fees is governed by the American Rule: Each litigant pays his own' attorney's fees, win or lose, unless a statute or contract provides otherwise." *SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets*, 271 F. Supp. 3d 832, 833 (D.S.C. 2017) (internal quotations and citations omitted). The Contract provides under "§13.06 Attorney's Fee . . . in the event that any party is required to resort to litigation to enforce its rights under this Contract, Seller and Purchaser agree that any judgment awarded to the prevailing party shall include all litigation expenses of the prevailing party, including (without limitation) actual attorneys' fees and court costs." (DE 35-3, p. 42.) In addition, Rule 54(d)(1), Fed. R. Civ. P., states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Rule 54, a prevailing party is one in whose favor a judgment is rendered, materially altering the legal relationship between the parties. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "An award of attorneys' fees conditioned on a party's having prevailed does not require the party to have prevailed on every claim[.]" *G ex rel. RG v. Fort Bragg Dependent Sch.*, 343 F.3d 295, 310 (4th Cir. 2003).

"[P]roper calculation of an attorney's fee involves a three-step process." *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 675–76 (4th Cir. 2015) (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014)). "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee*, 738 F.3d at 88 (citing *Robinson v. Equifax Servs., LLC*, 560 F.3d 235,

243 (4th Cir. 2009)). In deciding what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (citing *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989))). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *See McAfee*, 738 F.3d at 88 (citing *Robinson*, 560 F.3d at 243-44). "Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* "The Supreme Court has indulged a 'strong presumption' that the lodestar number represents a reasonable attorney's fee. The Court recently explained that this presumption can only be overcome 'in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Id.* at 88—89 (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010)).

Chalpin seeks $208,946.81 in attorneys' fees and $5,000 in costs for work done by six attorneys from two law firms working on this matter. Chalpin supports its request for fees and costs with a Declaration of Jenna K. McGee (DE 35-2) and a Declaration of Bryan Kishner (DE 35-3), among other documents. Jersam opposes the motion, contending, among other things, that

Chalpin's fee petition is unreasonable given "[t]his was a single issue case with no discovery that was resolved on cross motions for summary judgment." (DE 44, p. 3.) That said, the Court has formulated the lodestar value as follows:

1. The law firm of Parker Poe Adams & Bernstein LLP ("Parker Poe"), as local counsel for Plaintiff, devoted around seventy-four (74) hours litigating this case, and Parker Poe's effective hourly rate was $500 for partners and $350 for associates, which totals $25,682.00 in fees. (*See* DE 35-2.)

2. The law firm of Kishner Miller Himes P.C. ("KMH"), as counsel for Plaintiff, spent approximately 477.2 hours litigating this case, and KMH's blended hourly rate for attorneys was $400 per hour. (*See* DE 35-3.)

The total lodestar sought for attorney time is $208,946.81.

The Court has considered the factors outlined by the Fourth Circuit to determine whether the lodestar amount is reasonable. First, the Court finds the time and labor expended by Parker Poe and KMH reasonable. Plaintiff's billing is descriptive and pertinent to the time and labor required to prosecute Plaintiff's claim. Plaintiff's Petition describes the work performed at each stage of this litigation, including pleadings, mediation, and three sets of motion papers relating to submitting the parties' competing summary judgment motions. The Court also notes that KMH appears here on a pro hac vice basis; it is necessary and reasonable to have local counsel, Parker Poe, perform additional work on this matter to, among other things, draft pleadings, and motions, research questions of South Carolina law, and ensure compliance with this Court's local rules.

The Court has also reviewed the customary fee for like work in this area based on other cases and determined the requested hourly rate to be reasonable. The hourly rate included in the attorneys' fee calculation should be the "prevailing market rates in the relevant community." *Rum*

*Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). As the declarations provide, the fees charged for similarly situated law firms in the market are around $300 to $700 an hour. (*See* DE 35-2; see also DE 35-3.) Parker Poe's effective hourly rate was $500 for partners and $350 for associates. (*See* DE 35-2.) KMH's hourly fee was a blended rate of $400 per hour for attorneys. (*See* DE 35-3.) Accordingly, counsel's rates fall within the prevailing market rates, and the requested fees are reasonable compared to other cases. This Court also notes that the Fourth Circuit has approved hourly rates of South Carolina attorneys in civil litigation of $425 for lead counsel and $480 for co-counsel with national experience and reputation. *See Doe v. Kidd*, 656 F. App'x 643, 653-54 (4th Cir. 2016).

As for the novelty and difficulty of the issue raised and the skill required to perform the work, the Court finds the substantive issues somewhat complex and require skill and expertise. This case involved contract interpretation issues wherein Jersam argued Plaintiff breached the Contract by failing to present a "Bring Down Certificate" at closing, which contemplates Delaware and New York law. These factors favor a reasonable fee award. Next, looking at the attorneys' opportunity costs in undertaking this representation, although this matter did not require discovery, counsel for both parties have expended several hours working on it.[4] This factor supports a reasonable fee award.

As for the Attorneys' expectations at the outset of this litigation, Chalpin's counsel states, "Plaintiff understood and appreciated that litigating this matter would be necessary and essential for recovery[]" (DE 35-1, p. 8), and so it had no option but to seek relief from the Court. This is not a significant factor in determining the reasonableness of a fee award. In addition, considering

---

[4] The Court notes that Jersam's attorneys devoted 309.3 hours to this matter through the issuance of the Court's ruling on summary judgment. (DE 44, p. 5.)

the time limitations imposed by the client or circumstances, the Court finds the impact minimal given the streamlined procedural approach to this matter.

Next, considering the results obtained, as discussed above, Plaintiff prevailed on summary judgment, including liquidated damages of $1,000,000. Thus, this factor weighs heavily for a reasonable fee award. Chalpin is also a long-time client of KMH, and Parker Poe has represented Chalpin in other matters.

For these reasons, the Court finds the hours, rates, and total compensation set forth below reasonable and that they satisfy the reasonableness standards of Fourth Circuit precedent for awarding attorneys' fees. Thus, the Court approves and awards reasonable attorneys' fees for Parker Poe of $25,682.00 and KMH of $158,160.00. Plaintiff has incurred $5,000.00 in costs in prosecuting its claims against Defendant, and therefore, the Court awards the same in costs.

## CONCLUSION

For these reasons, the Court denies Jersam's Motion to Alter or Amend the Order (DE 40). The Court grants Chalpin's Motion to Alter or Amend this Order under Fed. R. Civ. P. 60(a) to authorize prejudgment interest from June 23, 2022. (DE 36.) The Court also awards Chalpin attorneys' fees for Parker Poe of $25,682.00, for KMH of $158,160.00, and for Chalpin's costs of $5,000.00 against Defendant Jersam.

**IT IS FURTHER ORDERED that**,

a. Plaintiff is entitled to the $1,000,000.00 Downpayment currently held in escrow by Escrowee;

b. Defendant's attorney, also serving as Escrowee, Haynsworth Sinkler Boyd, PA., currently holding the Downpayment, be ordered to disburse the Downpayment to the Plaintiff;

c. Plaintiff is entitled to post-judgment interest against Defendant beginning as of September 27, 2023, accumulating at an interest rate under applicable federal statute; and

d. Defendant's Answer, counterclaims, and affirmative defenses are all dismissed with prejudice.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 18, 2024